1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDUARDO DACUMOS,

11              Plaintiff,                    CIV S-10-854 FCD KJM PS

12         v.

13   WORLD SAVINGS, et al.,

14              Defendants.               ORDER

15   _____/

16         This action was referred to the undersigned pursuant to Local Rule 72-302(c)(21).

17   Plaintiff is proceeding pro se and in forma pauperis.

18         The federal in forma pauperis statute authorizes federal courts to dismiss a case if

19   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

20   granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

21   § 1915(e)(2).

22         In order to avoid dismissal for failure to state a claim a complaint must contain

23   more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

24   of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

25   words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

26   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

1

1  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

2  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

4  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

5  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

6  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

7  Rhodes, 416 U.S. 232, 236 (1974).

8          Plaintiff alleges claims under the Truth in Lending Act ("TILA") and the Real

9  Estate Settlement Procedures Act ("RESPA") arising out of plaintiff's attempts to secure a loan

10  by refinancing a previously existing loan.  Plaintiff asserts he decided to not go through with the

11  refinancing and attempted to rescind the loan contract.  In the first amended complaint, plaintiff

12  alleges he received notice "on or about April 11, 2007," that a full reconveyance and note had

13  been recorded.  This action was filed April 12, 2010.

14          It appears plaintiff's claims are barred by the statute of limitations.  The TILA

15  cause of action is barred by the one year statute of limitation (15 U.S.C. § 1640(e)) and any claim

16  for rescission is similarly barred by the three year statute (15 U.S.C. § 1635(f)).  The claims

17  under RESPA are barred by the one year statute of limitation provided under 12 U.S.C. § 2614.

18  Because it appears plaintiff's claims are time barred, the amended complaint will be dismissed.

19  However, leave to amend will be granted.  If plaintiff can allege a claim that is not time barred,

20  consonant with his obligations under Federal Rule of Civil Procedure 11, then he may file a

21  second amended complaint.

22          Plaintiff is informed that the court cannot refer to a prior pleading in order to

23  make a second amended complaint complete.  Local Rule 15-220 requires that an amended

24  complaint be complete in itself without reference to any prior pleading.  This is because, as a

25  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

26  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

1  longer serves any function in the case.  Therefore, in any amended complaint, as in an original

2  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

3          In accordance with the above, IT IS HEREBY ORDERED that:

4          1.  Plaintiff's amended complaint is dismissed; and

5          2.  Plaintiff is granted thirty days from the date of service of this order to file a

6  second amended complaint that complies with the requirements of the Federal Rules of Civil

7  Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket

8  number assigned this case and must be labeled "Second Amended Complaint"; failure to file a

9  second amended complaint in accordance with this order will result in a recommendation that

10  this action be dismissed.

11  DATED:  September 27, 2010.

12

13  _____

14      U.S. MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26  006
    dacumos.lta